UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| WANG YAN, individually and on behalf of all other similarly situated parties, | ) ) ) ) | Civil Action No. 17-10169-FDS |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| REWALK ROBOTICS LTD., LARRY JASINSKI, KEVIN HERSHBERGER, AMI KRAFT, AMIT GOFFER, JEFF DYKAN, HADAR RON, ASAF SHINAR, WAYNE B. WEISMAN, YASUSHI ICHIKI, ARYEH DAN, GLENN MUIR, BARCLAYS CAPITAL INC., JEFFERIES LLC, and CANACCORD GENUITY INC., | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM AND ORDER ON DEFENDANTS'
MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS

SAYLOR, J.

This is a putative class action alleging violations of the Securities Act of 1933 and Exchange Act of 1934. Plaintiffs purchased common stock of ReWalk Robotics, Ltd. between September 12, 2014 (the date of its initial public offering ("IPO")) and February 29, 2016. The consolidated amended complaint alleges that ReWalk, its officers and directors, and the IPO underwriters concealed material information leading up to the IPO about ReWalk's failure to comply with FDA regulations. It also alleges that after the IPO, ReWalk and certain officers continued to make material false statements.

Defendants have moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(5) for failure to complete service of process and Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

For the reasons stated below, the Court finds that lead plaintiff has shown good cause why service was not completed within 90 days under Rule 4(m), and defendants' motion to dismiss pursuant to Rule 12(b)(5) will accordingly be denied. A memorandum and order addressing the motion to dismiss for failure to state a claim will be issued at a later date.

I.      **Relevant Procedural Background**

This lawsuit was filed on January 31, 2017. The original plaintiffs were Qian Dian, David Hershlikovitz, Jackie888, Inc., Michael Kemmerling, Narbeh Nathan, and Paul Sislin (collectively, the "Investor Group"). The initial complaint only alleged violations of the Securities Act, 15 U.S.C. § 77a *et seq*.

On February 6, 2017, counsel filed the statutory notice pursuant to the PSLRA announcing the filing of a securities class action and advising investors that they had until March 27, 2017, to file a motion to be appointed as lead plaintiff.

On March 27, 2017, Wang Yan moved to be appointed as lead plaintiff. In his memorandum in support, Yan contended that he had the largest financial interest of any prospective lead plaintiff.

Also on March 27, the Investor Group moved to be appointed as lead plaintiff. In its memorandum in support, the Investor Group indicated that it was unaware of "any other applicant or applicant group that has sustained greater financial losses." (Docket No. 8, Ex. 1 at 11). On April 10, 2017, upon learning that Yan had a larger financial interest, the Investor Group withdrew its motion to be appointed lead plaintiff.

On May 1, 2017, the 90-day period under Fed. R. Civ. P. 4(m) for service of the complaint expired.

On May 10, 2017, counsel for Yan filed affidavits of service of process.[1] The affidavits stated that on May 5, 2017, ReWalk and the underwriter defendants were served with the summons and original complaint. The service on the corporate entities was four days late.[2] The affidavits stated that the individual defendants (both domestic and foreign) were served by simply mailing the summons and complaint to ReWalk's corporate offices. The purported service on the individual defendants was ineffective, regardless of the timing, because mailing to a person's place of work is not one of the proper methods of service under Rule 4.[3]

On June 9, 2017, the Court entered an order appointing Yan as lead plaintiff, finding that he appeared to satisfy the requirements for lead plaintiff designation under § 21D(a)(3)(B)(iii) of the Securities Exchange Act of 1934 (15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA")).

At some point after June 9 ("within days"), an attorney for lead plaintiff, Leigh Smollar, called defendants' lead counsel, Douglas Baumstein, to ask whether he would accept service of process on the individual defendants' behalf. (Pl. Ex. A at 1). Smollar's declaration states that Baumstein orally responded that he would accept service of process for certain individual domestic defendants, but not the individual foreign defendants. (*Id.*). Although there is no contemporaneous evidence supporting that claim, there is also no affidavit from Baumstein denying the claim. In any event, no actual service was effected at that time.

---

[1] Docket Nos. 20, 21, and 22 concerned the underwriter defendants, Barclays Capital Inc., Canaccord Genuity, Inc., and Jefferies LLC. Docket No. 23 concerned ReWalk and various individual defendants.

[2] It does not appear that the form of service on the corporate defendants is disputed.

[3] Under Fed. R. Civ. P. 4(e), service on a domestic individual may be accomplished by (1) following the requirements of state (here, Massachusetts) law, (2) delivering a copy of the summons and complaint to the individual personally, (3) leaving a copy of the summons and complaint at the individual's dwelling with someone of suitable age and discretion, or (4) service on an authorized agent. None of those alternatives permit service to be accomplished by mailing the summons and complaint to a person at work.

Lead plaintiff filed a consolidated amended complaint on August 9, 2017. That amended complaint added a new domestic individual defendant, Kevin Hershberger, and claims under the Exchange Act, 15 U.S.C. § 78a *et seq.*

It appears that the individual domestic defendants (Hershberger, Jasinski, Weisman, and Muir) ultimately consented to service by e-mail on August 22, 2017. (Defs. Mem. in Supp at 11 n.6; Defs. Ex. E). Service of the individual domestic defendants was finally accomplished that day, 203 days after the filing of the complaint.

The individual foreign defendants (Kraft, Goffer, Dykan, Ron, Shniar, Dan, and Ichiki) had to be served pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. *See* Fed. R. Civ. P. 4(f)(1). Under the Hague Convention, countries are required to "establish a Central Authority to receive requests for service of documents from other countries and to serve those documents." *Zhang v. Baidu.com, Inc.*, 932 F. Supp. 2d 561, 565 (S.D.N.Y. 2013). (citing Hague Convention arts. 2-6). The relevant Central Authority is responsible for completing service of process. Affidavits of service were filed by counsel for lead plaintiff on November 6, 2017, indicating that the Israeli individual defendants (that is, all foreign defendants other than Ichiki) were served pursuant to Hague Convention protocol in October 2017. (Docket Nos. 67-72). Counsel has represented that defendant Ichiki has not yet been served because the Japanese Central Authority takes a significant amount of time to complete service of process. (Pl. Ex. B).

Defendants have moved to dismiss for failure to complete service of process within 90 days as required by Fed. R. Civ. P. 4(m).

## II. Analysis

### A. Standard of Review

When the sufficiency of process is challenged under Rule 12(b)(5), plaintiff bears "the burden of proving proper service." *Rivera-Lopez v. Municipality of Dorado*, 979 F.2d 885, 887 (1st Cir. 1992). Generally, dismissal for lack of timely service involves a two-step analysis: "[f]irst, the court must determine whether the plaintiff has met its burden of establishing 'good cause' for the untimely service," and "second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *United States v. Tobins*, 483 F. Supp. 2d 68, 77 (D. Mass. 2007).

### B. Extension for Good Cause

As a threshold matter, there is some tension between the requirements of Fed. R. Civ. P. 4(m) (which requires that service be made within 90 days) and those of the PSLRA (which provides a relatively lengthy period of time for appointment of a lead plaintiff).[4]

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The rule continues: "[b]ut if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country . . . ."

The PSLRA provides that the original plaintiff must give public notice of the pendency of

---

[4] It is extremely unlikely that Congress considered Rule 4(m)'s strict timing requirements when it passed the PSLRA. Even if Congress did so, the PSLRA was passed in 1995, when Rule 4(m) provided plaintiffs 120 days to effect service of process. The Rule was amended on December 1, 2015, to shorten that period from 120 to 90 days. However, under the PSLRA, a total of 110 days may elapse between the time when the initial complaint is filed and when a court should normally designate a lead plaintiff.

5

the action within 20 days after filing of the lawsuit.[5] Any person seeking to be lead plaintiff may then file a motion within 60 days after the notice. The Court is then required to appoint a lead plaintiff within 90 days after the notice.[6]

Problems may arise because the lead plaintiff may not be named until many weeks after the complaint has been filed, and will have no authority to effect service until he or she is in fact selected. And, in practice, courts may take longer than 90 days to appoint a lead plaintiff, depending on the complexity of the case and number of parties seeking to be named lead plaintiff.[7] The result is that of the 90-day period may expire without service having been effected, but not due to any fault on the part of the lead plaintiff.

Here, the Investor Group filed the original complaint on January 31, 2017. It was

---

[5] The PSLRA provides:

Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class—

(I) of the pendency of the action, the claims asserted therein, and the purported class period; and

(II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

18 U.S.C. § 78u-4(a)(3)(A).

[6] The PSLRA also provides:

Not later than 90 days after the date on which a notice is published under subparagraph (A)(i), the court shall consider any motion made by a purported class member in response to the notice, including any motion by a class member who is not individually named as a plaintiff in the complaint or complaints, and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph.

18 U.S.C. § 78u-4(a)(3)(B)(i). Therefore, "[w]ithin 90 days of the notice, the PSLRA anticipates that the court will consider any motion to appoint a lead plaintiff and will make an appointment." *Brown v. Biogen IDEC, Inc.*, 2005 U.S. Dist. LEXIS 19350, at *5-6 (D. Mass. July 26, 2005).

[7] To complicate matters further, the lead plaintiff may seek to file an amended complaint, which may add or drop defendants and claims. And even after appointing a lead plaintiff, courts may later designate a different lead plaintiff. *See In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128 (S.D.N.Y. 2007).

required to publish a notice advising members of the purported class of the pending action by February 20, 2017. It filed that notice on February 6, and any party seeking to be appointed lead plaintiff needed to file a motion with the Court by March 27, 2017.

In the meantime, no defendants were served within the 90-day period under Fed. R. Civ. P. 4(m), which expired on May 1, 2017. No party sought an extension of time to complete service prior to May 1. The earliest that any defendants were properly served was May 5, 2017, 94 days after the original complaint was filed. The affidavits filed on May 10 clearly showed that service as to the individual defendants was not effective.

The Court did not appoint Yan as lead plaintiff until June 9, 2017, 129 days after the original complaint was filed, and 39 days after the expiration of the Rule 4(m) period. Service on all domestic defendants was finally accomplished on August 22, 2017, 203 days after filing. The question presented is whether plaintiff has shown good cause for the failure to effect service within 90 days, as required by Rule 4(m).

There are three categories of defendants in this case: domestic corporations, domestic individuals, and foreign individuals. Because the requirements of Rule 4(m) do not apply to the foreign defendants, dismissal as to those individuals is inappropriate. The corporate defendants were served four days late, and at a time when the current lead plaintiff was powerless to effect service. Under the circumstances, given the relatively trivial level of delay and the fact that (due to the operation of the PSLRA) lead plaintiff had not yet been selected, the Court will excuse the delay and not dismiss the complaint as to those defendants.

That leaves the service on the domestic individuals. There is no dispute as to the service on defendant Hershberger, who was named for the first time in the amended complaint on August 9, 2017, and served 13 days later. As to defendants Jasinski, Weisman, and Muir, the

question of whether the late service should be excused for good cause is a close call, but will be resolved in favor of plaintiff.

As noted, the three aforementioned domestic individual defendants were not properly served within 90 days of the filing of the complaint. The lead plaintiff was appointed on June 9, 2017. It should have been obvious to new counsel that proper service had never been effected, and indeed plaintiff's counsel contends that "within days" she contacted defense counsel to see if he would accept service. She contends that he agreed to do so, and he does not deny it. Nonetheless, that agreement was not documented, even by e-mail, and no service was actually effected until August 22.

That sequence of events was certainly sloppy, if not altogether negligent. However, in the absence of countervailing evidence, the Court will credit Ms. Smollar's contention that defense counsel agreed to accept service "within days" of June 9. It is also noteworthy that there is little possibility of prejudice, as the three individuals are represented by the same counsel as the corporation and were surely aware of the existence of the lawsuit. Under the peculiar circumstances presented here, albeit with some misgivings, the Court concludes that plaintiff has shown good cause for his failure to serve defendants Jasinski, Weisman, and Muir within 90 days, as required by Rule 4(m).

In their reply brief, defendants cite two cases for the proposition that "[t]he PSLRA lead plaintiff selection process does not exempt lead plaintiff from the requirements of Rule 4(m)." (Defs. Reply at 2). Both, however, are distinguishable. In *Newby v. Enron Corp.*, the Fifth Circuit affirmed the district court's denial of "additional time for service under the discretionary provision of Rule 4(m)." 284 Fed. Appx. 146, 150 (5th Cir. 2008). However, in that case, plaintiffs failed to serve defendants for "over 1,000 days [and] also waited an additional 126 days

after receiving direct notice from certain defendants [ ] of defects in service before seeking leave from the court for additional time." *Id.* By contrast, here, the time periods in question are substantially shorter, particularly so when the effect of the PSLRA is taken into account.

Defendants also rely on *Durgin v. Mon*, where the district court found that the plaintiff failed to show good cause for failure to complete service within the prescribed time period of Rule 4(m). 659 F. Supp. 2d 1240, 1258-59 (S.D. Fla. 2009). There, however, the court stated that "the current lead plaintiff has not demonstrated why it should not be bound by the actions or inactions of the *previously named lead plaintiff* . . . ." *Id.* at 1259 (emphasis added). The court had previously appointed a lead plaintiff, which subsequently withdrew from the litigation. *Id.* at 1258 n.7. The court concluded that the (then-120-day) time period under Rule 4(m) began once the first lead plaintiff filed its consolidated complaint. *Id.* at 1258.[8] Here, by contrast, this Court has appointed only one lead plaintiff, who filed his consolidated complaint on August 9, 2017. (Docket No. 50).[9] Under the reasoning of *Durgin*, lead plaintiff would have had until November 7, 2017, to complete service of process on domestic defendants.

In summary, to the extent that lead plaintiff Yan did not comply with the 90-day requirement of Rule 4(m), he has shown good cause why an extension of time for service is warranted.

---

[8] The first lead plaintiff in *Durgin* had filed a consolidated complaint on November 2, 2007. *Durgin*, 659 F. Supp. 2d at 1258. Accordingly, the defendant in question should have been served by March 1, 2008. *Id.* The first lead plaintiff moved to withdraw on April 30, 2008, and another lead plaintiff was appointed on July 15, 2008. *Id.* n.7. The second lead plaintiff filed its own consolidated amended complaint on September 19, 2008. *Id.* at 1258. The defendant was not served until January 6, 2009. *Id.*

[9] The *Durgin* court also noted that it was unclear whether plaintiff's claims would be time-barred. *Durgin*, 659 F. Supp. 2d at 1259 n.9. "[W]hether the applicable statute of limitations would bar [a] refiled action" is a factor that guides courts in deciding whether to extend the time for service of process. *Id.* at 1259. Here, the parties agree that if this action were dismissed, the Securities Act claims would be time-barred. *See also In re Comverse Tech., Inc. Sec. Litig.*, 543 F. Supp. 2d 134, 146 (E.D.N.Y. 2008).

## III. Conclusion

For the foregoing reasons, defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process is DENIED.

**So Ordered.**

Dated: February 23, 2018

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge