**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

WANG YAN, individually and on behalf of all other similarly situated parties,

Plaintiff,

v.

REWALK ROBOTICS LTD., LARRY JASINSKI, KEVIN HERSHBERGER, AMI KRAFT, AMIT GOFFER, JEFF DYKAN, HADAR RON, ASAF SHINAR, WAYNE B. WEISMAN, YASUSHI ICHIKI, ARYEH DAN, GLENN MUIR, BARCLAYS CAPITAL INC., JEFFERIES, LLC, and CANACCORD GENUITY, INC.,

Defendants.

No.: 1:17-cv-10169-FDS

CLASS ACTION

**MEMORANDUM IN SUPPORT OF MOTION OF LEAD PLAINTIFF TO AMEND THE COMPLAINT TO ADD JOANNE GLLER AS NAMED PLAINTIFF FOR THE EXCHANGE ACT CLASS**

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................ 1

ARGUMENT ........................................................................................................ 2

A. GELLER SHOULD BE ADDED AS A NAMED PLAINTIFF ................................2

1. Geller Has Standing to Pursue the Exchange Act Claims ..................................... 3

2. Geller's Claims Are Not Barred by the Statute of Limitations.............................. 3

3. Geller Satisfies Rule 23 Requirements to Represent the Exchange Act Class ....... 4

a. Geller's claims are typical of the Exchange Act Class .................................... 5

b. Geller satisfies the adequacy requirement ...................................................... 5

B. YAN IS STILL THE LEAD PLAINTIFF IN THE LITIGATION ............................. 6

C. YAN'S CLAIMS ARE BASED ON A COMMON COURSE OF CONDUCT.......... 7

CONCLUSION........................................................................................................ 8

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997) ........ 2, 6

*American Pipe & Constr. Co. v. Utah*, 414 U. S. 538 (1974) ........ 4

*Baby Neal v. Casey*, 43 F.3d 48 (3d Cir. 1994) ........ 5

*Beck v. Maximus, Inc.*, 457 F.3d 291 (3d Cir. 2006) ........ 5, 6

*China Agritech, Inc. v. Resh*, 138 S. Ct. 1800 (2018) ........ 4

*Danis v. USN Communs., Inc.*, 189 F.R.D. 391 (N.D. Ill. 1999) ........ 5

*Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326 (1980) ........ 6

*Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997) ........ 5

*Gluck v. Cellstar Corp.*, 976 F. Supp. 542 (N.D. Tex. 1997) ........ 5

*Herman & MacLean v. Huddleston*, 459 U.S. 375, 103 S. Ct. 683 (1983) ........ 8

*Hevesi v. Citigroup, Inc.*, 366 F.3d 70 (2d Cir. 2004) ........ 2

*In re Impax Labs Inc., Sec. Litig*., No. C-04-04802 JW, 2008 U.S. Dist. LEXIS 104485 (N.D. Cal. Apr. 17, 2008) ........ 2

*In re Initial Pub. Offering Secs. Litig.*, 214 F.R.D. 117 (S.D.N.Y. 2002) ........ 7

*In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 286 (E.D.N.Y. 1998) ........ 5

*In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42 (S.D.N.Y. 1998) ........ 4

*In re Portal Software, Inc. Sec. Litig.*, No. C-03-5138-VRW, 2005 U.S. Dist. LEXIS 41178 (N.D. Cal. Mar. 9, 2005) ........ 3

*Johnson v. CBD Energy, Ltd.*, No. H-15-1668, 2016 U.S. Dist. LEXIS 87174 (S.D. Tex. July 6, 2016) ........ 2

*Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 119 S. Ct. 2295, 144 L. Ed. 2d 715 (1999) ........ 2

*Riordan v. Smith Barney*, 113 F.R.D. 60 (N.D. Ill. 1986) ........ 6

*Schueneman v. Arena Pharms., Inc.*, No.10cv1959 BTM (BLM), 2011 U.S. Dist. LEXIS 87373 (S.D. Cal. Aug. 8, 2011) .......... 2

*SEC v. National Securities, Inc*., 393 U.S. 453 (1969) .......... 8

*United States v. Naftalin*, 441 U.S. 768 (1979) .......... 8

*United States Parole Comm'n v. Geraghty*, 445 U.S. 388 (1979) .......... 6

**Other** **Page(s)**

15 U. S. C. § 77p .......... 8

15 U. S. C. § 78bb(a) .......... 8

15 U.S.C. § 78u-4 (a)(3)(B)(v) .......... 7

Manual for Complex Litigation, Fourth § 21 at 243-44 .......... 2

Secutities Exchange Act of 1934 .......... *passim*

Lead Plaintiff Wang Yan respectfully submits this memorandum in support of an Order to add Joanne Geller (”Geller”) as a named plaintiff to represent claims pursuant to Section 10(b) of the Securities Exchange Act of 1934 (the “Exchange Act” claims) on behalf of all persons and entities that purchased or otherwise acquired ReWalk Robotics Ltd. (“ReWalk”) common stock between February 12, 2015 and February 29, 2016, both dates inclusive (“the Exchange Act Class Period”), and were damaged thereby (the “Exchange Act Class”).

**INTRODUCTION**

In the Court’s Memorandum and Order on Defendants’ Motion to Dismiss for Failure to State a Claim filed on August 23, 2018, (the “Order”), the Court raised a “threshold” issue with respect to Lead Plaintiff Yan following the dismissal of the Securities Act claims; specifically whether Yan continues to have standing to represent Exchange Act claims alleged in the Consolidated Amended Complaint (the “CAC”). *See* Order at 2-3, 22-25. As the issue was not heretofore briefed, the Court gave plaintiffs the options, *inter alia,* of supplementing the record in support of Yan’s standing, or seeking to appoint a “supplemental” plaintiff. *Id.* at 24-25.

While it is Plaintiffs’ position that Yan has standing to represent the Exchange Act claims, as the Court has found the alleged omissions and misrepresentations not to be materially misleading, and, thus, dismissed the Securities Act claims, it is in the best interests of the Exchange Act Class to supplement the record by adding a named plaintiff that purchased shares during the Exchange Act Class Period, and thereby undoubtedly has standing to pursue the Exchange Act claims. Adding Geller as a supplemental named plaintiff will assure that there is no hint of any deficiency in standing to represent the Exchange Act claims. Moreover, adding Geller will remove any possibility of even an appearance of a conflict of interest as the case

proceeds. Accordingly, for the reasons stated herein, Lead Plaintiff requests the Court approve the addition of Joanne Geller as a named plaintiff in this action.

## **ARGUMENT**

### A. GELLER SHOULD BE ADDED AS A NAMED PLAINTIFF

Class actions adjudicate the interests of absent parties creating "potential risks of prejudice or unfairness," thereby imposing "unique responsibilities on the court and counsel. . . [to] protect the interests of absent class members." Manual for Complex Litigation, Fourth § 21 at 243-44 (citing *Ortiz v. Fibreboard Corp*., 527 U.S. 815, 119 S. Ct. 2295, 144 L. Ed. 2d 715 (1999)); *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997)). Here, it is in the interests of the absent Exchange Act Class members to allow the addition of a named plaintiff with standing to advance the claims of those absent class members in this litigation.

Indeed, in securities class action litigation, it is well-settled that "the PSLRA [Private Securities Litigation Reform Act of 1995] does not in any way prohibit the addition of named plaintiffs to aid the lead plaintiff in representing a class." *Hevesi v. Citigroup, Inc.*, 366 F.3d 70, 82 (2d Cir. 2004). A lead plaintiff need not have standing to sue on all of the claims raised in a complaint. *Id.* "Being a lead plaintiff is not the same thing as being a class representative, and additional named plaintiffs may be added later to represent subclasses of plaintiffs with distinct interests or claims." *Schueneman v. Arena Pharms., Inc.*, No.10cv1959 BTM (BLM), 2011 U.S. Dist. LEXIS 87373, at *18 (S.D. Cal. Aug. 8, 2011) (citing *Hevesi*, 366 F.3d at 83). Accordingly, a deficiency in standing can be corrected by the addition of another member of the purported class with standing as either a named plaintiff or as a lead plaintiff. *See, e.g., Johnson v. CBD Energy, Ltd.*, No. H-15-1668, 2016 U.S. Dist. LEXIS 87174, at *22-*23 (S.D. Tex. July 6, 2016); *In re Impax Labs Inc., Sec. Litig*., No. C-04-04802 JW, 2008 U.S. Dist. LEXIS 104485, at

*25 (N.D. Cal. Apr. 17, 2008). Whether added as a named or representative plaintiff or a lead plaintiff, there is no requirement that the Court re-open the lead plaintiff proceedings under the PSLRA. As another court has noted in upholding the addition of a representative or named plaintiff:

> [t]he need to add representative plaintiffs may arise after a case has been initiated. It would turn securities litigation into a game of snakes and ladders to hold that any time a new plaintiff is added, the action must "go back to square one" and recommence the PSLRA lead plaintiff selection process. Relatedly, there is no indication that Congress intended such repetitive preliminaries to securities litigation. The PSLRA's lead plaintiff provision is designed only to get cases off on the right foot.

*In re Portal Software, Inc. Sec. Litig.*, No. C-03-5138-VRW, 2005 U.S. Dist. LEXIS 41178, at *14-*15 (N.D. Cal. Mar. 9, 2005).

Accordingly, here, where Yan's standing to pursue the Exchange Act claims has been called into question, adding Geller as a named plaintiff is permitted to aid Yan in pursuing the Exchange Act claims, as well as protecting the interests of absent Exchange Act Class members.

**1. Geller Has Standing to Pursue the Exchange Act Claims**

Geller purchased 1,000 shares of ReWalk common stock at $14.80 per share on December 21, 2015. Geller held her shares through the end of the Class Period. *See* Exhibit A to the Declaration of Omar Jafri in Support of Lead Plaintiff's Motion to Amend the Complaint to Add Joanne Geller as a Named Plaintiff for the Exchange Act Class ("Jafri Decl."), submitted herewith. The CAC alleges that ReWalk common stock sold on an efficient market, and, therefore, that the price of ReWalk common stock artificially inflated or maintained by the alleged material misrepresentations and omissions beginning on February 12, 2015 through February 20, 2016. Geller, like all other members of the Exchange Act Class, were damaged when the truth about ReWalk's misconduct was revealed on March 1, 2016. Accordingly, Geller has standing to pursue to the Exchange Act claims.

**2. Geller's Claims Are Not Barred by the Statute of Limitations**

It is a fundamental principle of class action jurisprudence that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *American Pipe & Constr. Co. v. Utah*, 414 U. S. 538, 554 (1974). As a member of the class in the CAC, Geller's claims are the same as those alleged in the CAC, and, as such, the statute of limitations for her claims was tolled by the filing of the CAC.

Moreover, earlier this year, the Supreme Court held that during the pendency of a putative class action, unnamed class members may be added to the putative class action, regardless of whether any portion of the alleged claims could be deemed to be barred by the statute of limitations. *See China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1804 (2018). Geller, therefore, may be added to the instant action regardless of whether any portion of her Exchange Act claims could conceivably be deemed barred by the statute of limitations.

In sum, Geller's claims are not currently barred by the statute of limitations, and, regardless, were tolled by virtue of her membership in the Exchange Act Class defined in the CAC. And, she may be added as a named member of the Exchange Act Class regardless of the statute of limitations.

Regardless of the *American Pipe* tolling rule, Geller's claims are not barred by the statute of limitations. The Exchange Act has a two year statute of limitation from the date of discovery of the fraud, and a five year statute of repose. The discovery of the fraud wasn't until March 1, 2016. Therefore, Geller's claims are not barred by the two year statute, and well within the five year statute of repose.

**3. Geller Satisfies Rule 23 Requirements to Represent the Exchange Act Class**

Although Geller need not be appointed a lead plaintiff, she satisfies the requirements under Rule 23 to represent the Exchange Act Class. It has long been held that "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 286, 296 (E.D.N.Y. 1998).

**a. Geller's claims are typical of the Exchange Act Class**

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory.")).

Geller purchased her shares during the Exchange Act Class Period and was damaged like all of the other members of that class when ReWalk disclosed that it had received a letter from the FDA citing deficiencies in the protocol for the mandatory post-market study and the need for a second premarket notification, and the FDA published its warning latter ReWalk on its website which revealed that ReWalk had failed to comply with FDA regulations and failed to conduct an

adequate post-market surveillance study in the time frame established the Food, Drug and Cosmetic Act.

**b. Geller satisfies the adequacy requirement**

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a plaintiff "will fairly and adequately protect the interests of the class." The plaintiff must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986); *Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent.'") (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)). Further, the plaintiff must not have any unique defenses.

Here, there is no antagonism between the interests of Geller and those of the Exchange Act Class. Indeed, she is coming forward to protect their interests. Moreover, losses demonstrate that she has a sufficient interest in the outcome of this litigation. Accordingly, Geller satisfies the adequacy requirement to represent the Exchange Act Class.

**B. YAN IS STILL THE LEAD PLAINTIFF IN THE LITIGATION**

Although the Securities Act claims have been dismissed, Yan continues in his role as Lead Plaintiff. Indeed, the instant memorandum and request to add Geller has been made with the approval of Yan, and his claims are not moot until the dismissal of his claims are final, *i.e.*, until any and all motions or appeals have been exhausted. *See Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 333 (1980) (holding "a decision that is 'final' for purposes of appeal does not absolutely resolve a case or controversy until the time for appeal has run."). Yan still has a "personal stake" in the litigation through the appeals process. As such, there is still "some likelihood [of Yan] becoming involved in the same controversy in the future." *See United States*

*Parole Comm'n v. Geraghty*, 445 U.S. 388, 398 (1979). Although Geraghty was not strictly a class action, the precedent is applicable here. *Id.*, at 401-02 (Geraghty's "'personal stake' in the outcome of the litigation is, in a practical sense, no different from that of the putative class representatives"). Accordingly, Yan continues in his role as Lead Plaintiff.

Furthermore, "the only responsibility explicitly given to lead plaintiffs by the PSLRA is the power to select and direct class counsel." *See* 15 U.S.C. § 78u-4 (a)(3)(B)(v). Nowhere is it "suggested that the concept of 'lead plaintiff' was intended to be coterminous with 'named plaintiffs' or 'class representatives.'" *In re Initial Pub. Offering Secs. Litig.*, 214 F.R.D. 117, 123 (S.D.N.Y. 2002). Yan has continued to work with Lead Counsel, including the discussions with Lead Counsel to request the Court to include Geller as a named plaintiff for the Exchange Act claims.

**C. YAN'S CLAIMS ARE BASED ON A COMMON COURSE OF CONDUCT**

The Exchange Act claims are based on ReWalk's omissions and misrepresentations regarding compliance with requirements of the Food and Drug Administration (the "FDA"). The omissions and misrepresentations included the failure (i) to disclose the FDA's requirements and reasons to conduct a post-market surveillance study, (ii) to respond to FDA requests regarding the post-market surveillance study, (iii) to submit a revised post-market surveillance study plan that addressed deficiencies described by the FDA, (iv) to have an approved post-market surveillance study plan, and (vi) to comply with the FDA's Section 222 order.

The first of the alleged omissions and misrepresentations occurred in the Registration Statement dated September 14, 2014, with ensuing omissions and misrepresentations occurring on February 15, 2015, February 27, 2015, May 7, 2015, August 6, 2015, November 11, 2015,

and February 25, 2016. In all, the common course of conduct lasted 18 months, until ReWalk began to disclose the deficiencies in the post-market surveillance study.

The omissions and misrepresentations are sufficiently similar regarding the FDA's requirements and reasons for the post-market surveillance study and ReWalk's failures to comply with the FDA requirements. That the CAC alleges two separate classes does not undermine this common course of conduct, as there is always the possibility that Securities Act claims and Exchange Act claims may overlap:

> While some conduct actionable under § 11 may also be actionable under §10(b), it is hardly a novel proposition that the 1934 Act and the 1933 Act "prohibit some of the same conduct." *United States v. Naftalin*, 441 U.S. 768, 778 (1979) (applying § 17(a) of the 1933 Act to conduct also prohibited by § 10(b) of the 1934 Act in an action by the SEC). "'The fact that there may well be some overlap is neither unusual nor unfortunate.'" *Ibid*., quoting *SEC v. National Securities, Inc*., 393 U.S. 453, 468 (1969). In saving clauses included in the 1933 and 1934 Acts, Congress rejected the notion that the express remedies of the securities laws would pre-empt all other rights of action. Section 16 of the 1933 Act states unequivocally that "[the] rights and remedies provided by this title shall be in addition to any and all other rights and remedies that may exist at law or in equity." 15 U. S. C. § 77p. Section 28(a) of the 1934 Act contains a parallel provision. 15 U. S. C. § 78bb(a). These provisions confirm that the remedies in each Act were to be supplemented by "any and all" additional remedies.

*Herman & MacLean v. Huddleston*, 459 U.S. 375, 383, 103 S. Ct. 683 (1983). Here, there is a nexus in the common course of conduct alleged by plaintiffs which supports both sets of claims.

Although Lead Plaintiff contends that the factual predicates for the claims evince a common course of conduct, as the Court has found that the alleged omissions and misrepresentations in the Registration Statement are not materially misleading, one could argue that there may be an appearance of conflict between the different classes. The better course under these circumstances is to seek the inclusion of Geller as a named plaintiff for whom there is no hint of possible conflicts with the absent members of the Exchange Act Class.

## CONCLUSION

For the foregoing reasons, Geller respectfully requests that the Court issue an Order adding Geller as a named plaintiff for the Exchange Act claims.

Dated: September 10, 2018

Respectfully submitted,

***/s/ Adam M. Stewart___________***

Edward F. Haber (BBO #215620)
Adam M. Stewart (BBO #661090)
**SHAPIRO HABER & URMY LLP**
Seaport East
Two Seaport Lane
Boston, MA 02109
Tel. (617) 439-3939
ehaber@shulaw.com
astewart@shulaw.com

*Liaison Counsel for Lead Plaintiff and the Class*

**POMERANTZ LLP**
Patrick V. Dahlstrom
Leigh H. Smollar
Omar Jafri
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: pdahlstrom@pomlaw.com
lsmollar@pomlaw.com
ojafri@pomlaw.com

*Lead Counsel for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 10, 2018.

**/s/ Adam M. Stewart______**